

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7442 | **DATE** | 2/21/2002 |
| **CASE TITLE** | United Transportation Union et al vs. Natl Railroad Passenger Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Petitioners' motion (Doc 4-1) for summary judgment is denied. Amtrak's motion (Doc 6-1) to dismiss for lack of subject matter jurisdiction is denied, and its motion (Doc 6-2) for summary judgment is granted. Ruling set for February 28, 2002 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | Document Number |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | FEB 2 2 2002 date docketed | |
| ✓ | Docketing to mail notices. | | 13 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED TRANSPORTATION UNION, | ) | DOCKETED |
| | ) | |
| and | ) | FEB 2 2 2002 |
| | ) | |
| CLARENCE J. WILLIAMS, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| vs. | ) | 01 C 7442 |
| | ) | |
| NATIONAL RAILROAD PASSENGER | ) | |
| CORPORATION, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Petitioners the United Transportation Union and Clarence Williams (collectively the "UTU") petitioned this court pursuant to § 3 First (q) of the Railway Labor Act ("RLA"), 45 U.S.C. § 15 First (q) to review an award issued by Public Law Board No. 6189 ("Board"). Petitioners have now filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Respondent National Railroad Passenger Corporation ("Amtrak") contemporaneously filed motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) and a motion for summary judgment pursuant to Rule 56. For the reasons set forth below, the UTU's motion for summary judgment is denied. Amtrak's

13

motion to dismiss for lack of subject matter jurisdiction is denied and its motion for summary judgment is granted.

## BACKGROUND

The relevant facts in this case are undisputed and are taken from the pleadings. This case arises out of Clarence Williams' ("Williams") employment relationship with Amtrak. Amtrak is a rail carrier and Williams was employed by Amtrak as a passenger conductor. On September 16, 1995, he suffered a work-related injury to his neck and lower back which prevented him from working. Williams subsequently filed a lawsuit under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* ("FELA"), alleging that his injuries left him permanently incapable of returning to work for Amtrak as a conductor and seeking compensation for his alleged resulting disabilities.

While his FELA suit was pending, Williams underwent a functional capacity evaluation and physical examination by his personal physician who, on July 9, 1998, issued a report releasing Williams to return to work. On July 27, 1998, Williams was examined by an Amtrak designated doctor, who advised Williams by letter dated July 27, 1998, that he could return to work. Williams ultimately inquired about returning to active duty as a conductor sometime in December 1998. On December 18, 1998, Amtrak's Medical Director reported that Williams could not return to work as a conductor because his functional capacity evaluator stated that he could not perform all of the functions of a conductor as set forth in the job description. Specifically, Williams could not lift seventy-five pounds to a height of six feet one hundred times per day. The

doctors who had released Williams knew of this requirement but Williams had represented to them that his job did not really require him to be able to fulfill this requirement. The UTU and Williams were advised by letter dated December 21, 1998 that Williams remained medically disqualified.

By letter dated March 4, 1999, the UTU initiated a claim on Williams' behalf in accordance with the dispute resolution procedures of the RLA over Amtrak's refusal to allow Williams to return to service. The parties were unable to resolve the matter and thus referred it to the Board for arbitration pursuant to 45 U.S.C. § 153. The Board consisted of three members: an organization member, a carrier representative, and a neutral. Both UTU and Amtrak filed a submission and the Board held a hearing on the claim filed on William's behalf. The Board ultimately decided in favor of Amtrak. On July 31, 2000, the neutral issued his opinion denying Williams' claim on the ground that the claim was not submitted within the time limits specified in Article 24 (hereinafter "Rule 24") of the parties' collective bargaining agreement. Rule 24 of the collective bargaining agreement precludes a claimant from bringing a claim later than thirty days from the date of the occurrence on which the claim is based, unless certain exceptions apply. The UTU filed its petition requesting that this court set aside the Board's Award on September 26, 2001.

## DISCUSSION

We begin by addressing some preliminary matters. First, Amtrak has moved to dismiss for lack of subject matter jurisdiction. Section 3 First (q) of the RLA, 45 U.S.C.

§ 153(q) expressly confers jurisdiction on this court. Section 3 First (q) provides that a federal district court "shall have jurisdiction" to review such awards. Accordingly, Amtrak's Rule 12(b)(1) motion is denied. Second, Amtrak has moved to dismiss the petition for failure to state a claim. Because this motion involves consideration of matters outside the pleadings, we convert Amtrak's motion to dismiss into a motion for summary judgment. See e.g., Berthold Types Ltd. v. Adobe Sys. Inc., 242 F.3d 772, 775 (7th Cir. 2001). We now turn to the legal principles the court must apply in reviewing the Board's Award.

It is well-settled that judicial review of arbitration awards is extremely limited. See e.g., Ethyl Corp. v. United Steelworkers of Am., 768 F.2d 180, 183 (7th Cir. 1985). Indeed, judicial review of National Railroad Adjustment Board ("NRAB") decisions is "among the narrowest known to the law." Union Pac. R.R. v. Sheehan, 439 U.S. 89, 91 (1978). Special boards of adjustment, like the public law board that issued the Award in this case, serve as a private alternative forum to the NRAB and the same standards of review apply. Bhd. of Locomotive Engineers v. Atchison, Topeka & Santa Fe Ry. Co, 768 F.2d 914, 921 (7th Cir. 1985). Judicial review is limited to three specific grounds: (1) failure of the Board to comply with the requirements of the Railway Labor Act; (2) failure of the Board to confine itself to matters within the scope of its jurisdiction; and (3) fraud or corruption. 45 U.S.C. § 153 First (q); see Am. Train Dispatchers Ass'n v. Norfolk & W. Ry. Co., 937 F.2d 365 (7th Cir. 1991). The UTU

asserts the second ground – it argues that the neutral failed to confine himself within the scope of jurisdiction.

A court will set aside an arbitrator's decision on the ground that the arbitrator exceeded his jurisdiction "only if the arbitrator's decision fails to draw its essence from the collective bargaining agreement." Carpenter Local 1027 v. Lee Lumber Bldg. Material, 2 F.3d 796, 797 (7th Cir. 1993). "An arbitration award 'draws its essence' from the contract so long as that award is based on the arbitrator's interpretation of the contract." Lee Lumber, 2 F.3d at 797 (7th Cir. 1993). As long as the decision is based on the interpretation of the contract, the "court is forbidden to substitute its own interpretation even if convinced that the arbitrator's interpretation was not only wrong, but plainly wrong." Chicago Typographical Union v. Chicago Sun-Times, 935 F.2d 1501, 1505 (7th Cir. 1991); see Lee Lumber, 2 F.2d at 797; Ethyl Corp. v. United Steelworkers of Am., 768 F.2d 180, 184-85 (7th Cir. 1985). Accordingly, an arbitrator's decision fails to draw its essence from the collective bargaining agreement and will be vacated only when it is based on "some body of thought, or feeling, or policy, or law that is outside the contract," Lee Lumber, 2 F.2d at 797, or when the decision is "without foundation in reason or fact, or wholly baseless and without reason." Anderson v. Nat'l R.R. Passenger Corp., 754 F.2d 202, 203 (7th Cir. 1984); see Polk Brothers Inc. v. Chicago Truck Drivers, Helpers and Warehouse Workers Union, 973 F.2d 593, 597 (7th Cir. 1992); Chicago Typographical Union, 935 F.2d at 1505. Moreover, any reasonable doubt as to whether the arbitrator interpreted the

contract on some private notion of equity should be resolved in favor of enforcing the decision. Ethyl Corp., 768 F.2d at 185.

The UTU argues that the arbitrator in this case exceeded his jurisdiction because, according to the UTU, he ignored subsection 24(b) when he applied Rule 24 of the collective bargaining agreement. Rule 24(b) provides an exception to the timing requirements for filing a claim set forth in Rule 24(a) and (d). Section (b) of the rule tolls the time period within which a claim must be filed if the "claimant is absent because of sickness, temporary disability, or vacation." Because Williams' claim was beyond thirty days from any of the possible dates that could constitute the "occurrence" upon which his claim was based, the only way his claim could be considered timely would be if he fell within Rule 24(b). The UTU argues that the arbitrator ignored subsection (b) to impose his own private notion of justice.

Applying the legal principles set forth above, we cannot agree with the UTU. The record indicates that the neutral interpreted Rule 24 in its entirety. In their submissions to the Board, both sides briefed the issue of whether Rule 24 applied to Williams' claim. The UTU argued that Rule 24 did not apply at all; Amtrak argued that the rule barred Williams' claim. In their briefs, neither side singled out a particular subsection of the Rule but, rather, referred to Rule 24 generally. Additionally, Amtrak's submission included a copy of Rule 24 in its entirety. The Board reviewed the parties' submissions and held a hearing. After doing so, the neutral concluded that Williams' claim was untimely under Rule 24. In his order, the neutral set forth what he concluded

were the pertinent provisions of Rule 24 – subsections (a) and (d) – and stated that Williams' claim was untimely under those provisions. Additionally, the other two Board members' opinions specifically included mention of subsection (b). The record thus indicates that all the members of the Board interpreted Rule 24 of the parties' collective bargaining agreement.

Indeed, the UTU presents this court with no affirmative evidence that the neutral went beyond the parties' collective bargaining agreement in making his decision. The only evidence the UTU advances to support its argument that the neutral went beyond the scope of his jurisdiction is the fact that the neutral did not expressly cite subsection (b) in his opinion or explain why Rule 24(b) did not apply. Yet the neutral was not required to do so. "Arbitrators have no obligation...to give their reasons for an award." United Steel Workers of Am. v. Enter. Wheel and Car Corp., 363 U.S. 593, 598 (1960); see Sullivan v. Lemoncello, 36 F.3d 676, 683(7th Cir. 1994); Eastern Air Lines, Inc. v. Transport Workers Union, AFL-CIO, Local 553, 580 F.2d 169 (5th Cir. 1978).

Furthermore, in cases where courts have set aside awards, the arbitrators had altered the terms of the parties' agreement by providing relief or affirmatively creating terms that were prohibited by or in contrast to express and unambiguous language in the respective agreements. See e.g., Polk Bros. v. Chicago Truck Drivers, 973 F.2d 593 (7th Cir. 1992); Wilson v. Chicago and North W. Trans. Co., 728 F.2d (7th Cir. 1984). The same cannot be said here. Implicit in the neutral's decision is his determination that Williams did not fall within any of the exceptions in subsection (b); i.e., that he was

not "sick" or "on vacation" or "temporarily disabled." Such a conclusion is plausible under the facts of this case and does not contradict any express terms of the agreement.

Based on the record and the applicable legal principles, we find that the UTU has not shown that the Board exceeded the scope of its jurisdiction. The neutral's opinion that the claim brought on Williams' behalf is time-barred under Rule 24 of the parties' agreement is rational and based on his interpretation of the rule. Whether his interpretation is correct is not a question for this court to answer. The arbitrator's opinion passes muster for our purposes so long as he interpreted the parties' agreement. See Hill v. Norfolk and Western Ry. Co., 814 F.2d 1192, 1195 (7th Cir. 1987). We are not convinced that he did not. Bhd. of Locomotive Engineers, 768 F.2d at 921. Accordingly, we do not vacate the Award.

## CONCLUSION

For the foregoing reasons, the UTU's motion for summary judgment is denied. Amtrak's motion to dismiss for lack of subject matter jurisdiction is denied and its motion for summary judgment is granted.

Charles P. Kocoras
United States District Judge

Dated: FEB 21 2002

- 8 -